Bay, J.
in charging the jury, told them, that marriage was certainly the highest consideration known in law ; and whatsoever passed to a daughter on her marriage, by the consent and approbation of her father, was not only consi *235 dered in law as a good gift or transfer, but it was so even against creditors, unless done with a fraudulent intention. No gift could be more forma!, than to permit property to go off with a daughter on marriage ; and our courts had uniformly given such gifts the highest possible sanction. In the present case, the wench in dispute had not oniy gone over on the daughter’s marriage, but had afterwards been nine years in her possession, before Moorman made the deed of manumission, offered in evidence. This was certainly such a confirmation of the original gift, as would not permit the property to be called in question at this distant day. The length of possession alone, independent of the consideration of marriage, was such an acquiescence on the part of Moorman, that under our act of ¡imitation, it would have barred him of any claim to the wench. That under these circumstances, therefore, the deed of manumission was utterly void in law, as far as it related to the wench now in question.
Verdict for the plaintiff.
N. B.
This point has been ruled over and over again in our courts of justice, and therefore may be considered as She settled law of our state.